IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHAN COFFEY,
SYDNEY COFFEY,
and VALERIE DIANE VAN DYKE,

      Plaintiffs,

v.                                                      CASE NO.
                                                        3:17-cv-90-MCR-CJK
WCW & AIR, INC. d/b/a
WORLD CLASS WATER,
WORLD CLASS WATER, INC.,
AQUION, INC. d/b/a RAINSOFT, and
HOME DEPOT, U.S.A., INC.,

      Defendants.

_____/

## SECOND AMENDED CLASS ACTION COMPLAINT

COME NOW the Plaintiffs, Jonathan Coffey, Sydney Coffey, and Valerie Diane Van Dyke, ("Plaintiffs"), individually and on behalf of a class of all Florida persons who are similarly situated, and file this Class Action Complaint against the Defendants, WCW & Air, Inc. d/b/a World Class Water; World Class Water, Inc.; Aquion, Inc. d/b/a Rainsoft; and Home Depot U.S.A., Inc. (collectively, the "Defendants").

## INTRODUCTION

1.     This is a proposed Florida statewide class action brought by Plaintiffs and a class of those similarly situated against the Defendants to redress unjust, unfair, and deceptive practices of marketing and selling water treatment systems to individuals on a municipal or private water system by in-home testing procedures done by a salesman. Defendants collusively fail to disclose that in-home water treatment testing does not provide specific in-depth analysis that is necessary and required to determine if an

individual needs a water treatment system.  Unknown to the consumer, the in-home water tests conducted are designed only to identify mineral content in the consumer's water and are not designed to detect harmful contaminants.  Notwithstanding the deceptively narrow scope of the water test, the Defendants collusively induce individuals to purchase Aquion water treatment systems with the perceived promise of filtering out all contaminants and pollutants from the Plaintiffs' water supply and making it totally safe.  In fact, according to the Federal Trade Commission and the Florida Attorney General's Office, no in-home test can determine the necessity of a water treatment system and no water treatment system can remove all contaminants from drinking water.

2.     The Defendants' practices and omissions in soliciting and conducting these in-home water treatment tests are deceptive or unfair and constitute a violation of the Florida Deceptive and Unfair Trade Practices Act, unjust enrichment, and civil conspiracy.  Further, this case presents a prototypical situation for class treatment.  The Defendants' deceptive or unfair in-home water treatment testing, calculated to induce such fear and anxiety in consumers as to the safety of their drinking water that they would spend thousands of dollars on Aquion water treatment systems, is uniform among all customers.  The application of substantive Florida law and Federal procedural law to a shared course of conduct will determine liability for the class as a whole, ensuring that the rights of thousands of individuals are vindicated through the efficiency of a single trial.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action and venue is proper in this Court.  The Defendants all do business in this District and have received, and continue

to receive, substantial revenue and profits from the improper conduct alleged herein that occurs in this District and throughout the rest of Florida. Defendants WCW & Air, Inc. and Home Depot U.S.A., Inc. have business offices and locations in this District for transaction of their customary business. Plaintiffs reside in this District. The conduct giving rise to Plaintiffs' claims and to the claims of each putative class member occurred in Florida. Plaintiffs' claims arise solely under Florida law, and Plaintiffs make no claims under federal law.

## PARTIES

4.    Plaintiffs Jonathan Coffey and Sydney Coffey are individual consumers who, at all times material hereto, were citizens of Escambia County, Florida.

5.    Plaintiff Valerie Diane Van Dyke is an individual consumer who, at all times material hereto, was a citizen of Escambia County, Florida.

6.    Defendant WCW & Air, Inc. d/b/a World Class Water is a corporation organized and existing under the laws of the state of Georgia that does business as World Class Water or RainSoft of Pensacola in Escambia County, Florida.

7.    Defendant World Class Water, Inc. is a dissolved corporation that was organized and existed under the laws of the state of Florida and did business as World Class Water in Escambia County, Florida. WCW & Air, Inc. is an alter ego and/or mere continuation of World Class Water, Inc. WCW & Air, Inc. has assumed the obligations and liabilities of World Class Water, Inc. and/or the incorporation of WCW & Air, Inc. in Georgia was a fraudulent effort to avoid the liabilities of World Class Water, Inc. in Florida. Both World Class Water, Inc. and WCW & Air, Inc. have disclosed to the offices of the Florida and Georgia Secretaries of State, respectively, one individual as director, officer, and registered agent – Jill Nicholson. Both entities conducted, at all

times material to this action, the same business – the marketing and selling of water treatment systems to individuals on a municipal or private water system by in-home testing procedures done by a salesman.  Sales of water treatment systems by WCW & Air, Inc. to putative class members after February 6, 2015, the effective date of dissolution of World Class Water, Inc., were memorialized in service agreements that gave World Class Water, Inc.'s former business address of 3603 North Palafox Street, Pensacola, Florida 32505.  Accordingly, WCW & Air, Inc. and World Class Water, Inc. are referred to herein, collectively, as "World Class Water".

8.     Defendant Aquion, Inc., d/b/a RainSoft, ("Aquion"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Roselle, Illinois.

9.     Defendant Home Depot U.S.A, Inc., ("Home Depot"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Atlanta, Georgia.

10.    All putative class members are citizens or residents of the state of Florida.

## CLASS REPRESENTATION ALLEGATIONS

11.    Plaintiff Valerie Diane Van Dyke brings this action as a class action under Federal procedural law and Florida substantive law and proposes the following class: All persons in Florida who purchased an Aquion "RainSoft" branded water conditioning system, drinking water system, or water filtration system from Aquion, Home Depot, World Class Water, and/or any of Aquion's authorized dealers of "RainSoft" branded products in Florida, for the purpose of household use, following an in-home water test between December 27, 2012 and the date of class certification.

12.    Pursuant to Federal procedural law and Florida's substantive law,

Plaintiffs Jonathan Coffey and Sydney Coffey propose the following two sub-classes:

a.    All persons in Florida who agreed to purchase an Aquion "RainSoft" branded water conditioning system, drinking water system, or water filtration system from Aquion, Home Depot, World Class Water, and/or any of Aquion's authorized dealers of "RainSoft" branded products in Florida, for the purpose of household use, following an in-home water test between December 27, 2012 and the date of class certification, thereby incurring a debt to Aquion, Home Depot, World Class Water, and/or any of Aquion's authorized dealers of "RainSoft" branded products in Florida that they remain obligated to pay.

b.    All persons in Florida who paid a "processing" fee, or other fee, as part of their purchase, or agreement to purchase, an Aquion "RainSoft" branded water conditioning system, drinking water system, or water filtration system from Aquion, Home Depot, World Class Water, and/or any of Aquion's authorized dealers of "RainSoft" branded products in Florida, for the purpose of household use, following an in-home water test between December 27, 2012 and the date of class certification.

13.    Excluded from the proposed class and subclasses are Defendants and Aquion's authorized Florida dealers, members of the immediate families of the officers and directors of Defendants and Aquion's authorized Florida dealers, their legal representatives, heirs, successors, or assigns, any entity in which they have or have had a controlling interest, any entity that purchased the Defendants' products for resale, members of the judiciary, entities currently in bankruptcy, entities whose obligations have been discharged in bankruptcy, and governmental entities.  Also excluded from the class and subclasses are those customers who executed a valid, binding arbitration agreement, but such customers are only excluded for the time period that such

arbitration agreement was in effect.

14.     Plaintiffs maintain the right to create additional classes or subclasses, if necessary, and to revise these definitions to maintain a cohesive class which does not require individual inquiry to determine liability.

15.     The exact number of class members is unknown to Plaintiffs at this time, but such information can be ascertained through appropriate discovery, specifically from records maintained by Defendants and Aquion's authorized Florida dealers.   Upon information and belief, the number of putative members of the class and subclasses exceed 100 persons rendering joinder of individual class members impracticable.

## <u>EXISTENCE AND PREDOMINANCE OF<br>COMMON QUESTIONS OF LAW AND FACT</u>

16.     There are questions of law and fact common and of general interest to the class and subclasses.  These common questions of law and fact predominate over any questions affecting only individual members of the class and subclasses.  Facts and legal questions common to all members of the class and subclasses are as follows:

a. The Defendants promote, market, and sell Aquion water treatment products by having Home Depot employees and/or World Class Water employees, acting as agents for Home Depot, approach Home Depot customers, such as the Plaintiffs, and request identifying contact information in return for free Home Depot gift cards or other material inducements.

b. World Class Water or other Aquion dealers in Florida then make unsolicited contact with the Home Depot customers using this information to set up an in-home appointment for a free "water evaluation."

c. The sale of the water treatment products to the Home Depot customers is precipitated by this in-home "water evaluation."  Salesmen for World Class Water, and other Aquion dealers in Florida, conduct this "evaluation" as directed by, and based on, materials and instruction provided by Aquion.

d. During this "water evaluation", the salesman adds chemicals to the home's tap water that simply highlights mineral content in the water such that no municipal tap water could ever pass the salesman's "test".

e. Defendants collusively market and solicit Aquion water treatment products to create the expectation among Home Depot customers that the water treatment products (1) eliminate the water safety problems evidenced by the salesman's "tests"; (2) completely remove toxins and contaminants that cause serious illness or disease; (3) create a water supply that is totally safe; and (4) provide health benefits.

f. The Aquion water treatment products the Home Depot customers subsequently agree to buy, however, do none of these things.  The "tests" are not adequate water tests to determine the necessity of a water treatment system and are a sales gimmick meant to frighten and induce the individual consumer to purchase an extremely expensive Aquion water treatment system for thousands of dollars more than comparable products from other manufacturers that are readily available for far less.[1]

---

[1] After the World Class Water agent's in-house "water evaluation" and misleading sales pitch to the Plaintiffs as to the incredible benefits of the Aquion water treatment products when applied to the supposedly deplorable and unhealthy quality of their drinking water, Plaintiffs Jonathan and Sydney Coffey agreed to purchase and finance an Aquion system for approximately $10,000, and Plaintiff Valerie Diane Van Dyke purchased an Aquion system for approximately $3,500.  The Aquion EC4 and QRS Series Water Treatment Systems they agreed to purchase,

g. If the Home Depot customer elects to finance the purchase of these exorbitantly priced systems, he is offered a Home Depot credit card by a World Class Water, or other Aquion dealer, representative in order to do so.

h. The Federal Trade Commission has warned consumers about any company offering free in-home water tests because "in-home testing does not provide the specific in-depth analysis that is required to determine if your water needs treatment and what kind of system is suited to your needs." *See* Federal Trade Commission Consumer Information, "After a Weather Emergency: Is it Safe to Drink the Water?" August 9, 2013, https://www.consumer.ftc.gov/blog/after-weather-emergency-it-safe-drink-water.

i. The Florida Attorney General's Office has likewise warned consumers as follows:

> Fears about the purity of our water have increased dramatically in recent years, leading consumers to worry about the safety of their drinking water. News reports of leaking landfills, corroding lead pipes and deterioration of gasoline storage tanks have painted a gloomy picture of toxic wastes, pesticides and other chemicals seeping into both well and municipal water supplies. Although some contaminants have been found in some water supplies, most

---

however, are simply "water softening" systems that do none of the things claimed in the sales pitch as set forth in paragraph 13(e), *supra*. In order to try and justify this exorbitant pricing, the salesman also offered Aquion laundry and air improvement products and five years of free soaps and detergents. A $49.00 non-refundable processing fee was also charged to Plaintiffs Jonathan and Sydney Coffey. It wasn't until after the three-business day deadline for canceling the purchase and service agreement had expired that a World Class Water financing agent met with Plaintiffs Jonathan and Sydney Coffey and proposed that they finance the $10,000 purchase of the Aquion products by applying for a Home Depot credit card at an annual percentage rate of approximately 12%. As of December 8, 2016, a General Electric reverse osmosis water filtration system retails at the Home Depot in Pensacola, Florida for $179.00.

households using water from public sources should have few concerns. Predictably, some unscrupulous salespeople prey upon concerned consumers by using scare tactics and fraudulent practices to sell their water treatment devices.

**Avoid "free" home water tests.**

Fraudulent sellers that advertise "free home water testing" may only be interested in selling you their water treatment device, whether you need it, or not. In performing the test, the salesperson may add tablets or droplets of chemicals to your tap water, explaining that the water will change color or that particles will form if the water is contaminated. When the water changes color before your eyes, the salesperson may warn you that the water is polluted and may cause cancer. In almost all of these cases, any water (even spring water) would "fail" the company's test.

*See* Florida Attorney General's Office,
"How to Protect Yourself: Water Treatment Devices",
http://myfloridalegal.com/pages.nsf/main/3d0fd1650fc920c48
5256cc900698282!OpenDocument,
accessed on December 8, 2016.

j.  Defendants collusively engage in the very tactics warned against by the Florida Attorney General.

k.  Aquion created, oversees, controls and perpetuates this marketing and testing scheme through its dealer network, of which World Class Water is a part, by way of its marketing and training materials and its contractual arrangement with Home Depot concerning the acquisition of customer information under false pretenses and the offering by Aquion dealers, such as World Class Water, of Home Depot credit card financing of the exorbitantly priced Aquion water treatment products.

l.  Defendants' marketing and testing scheme is deceptive and/or unfair.

m. Defendants' marketing and testing scheme constitutes a deceptive trade practice.

n.  Defendants' marketing and testing scheme has caused the Plaintiffs and putative class members to suffer actual damages measured as the difference between the actual market value of the water treatment system that was advertised and which they agreed to purchase, which is far less than the amount they agreed to pay for the Aquion water treatment system after witnessing the Defendants' marketing and testing scheme. Plaintiffs Jonathan Coffey, Sydney Coffey, and putative class members have also suffered actual damages in the form of the $49.00 non-refundable processing fee connected with the agreement to purchase the Aquion water treatment system.

o.  The same law applies to all class members' claims.

p.  Plaintiffs and class members are entitled to class relief as requested herein pursuant to Rules 23(a) and (b)(1) and/or (b)(3), Fed.R.Civ.P.

## TYPICALITY AND NUMEROSITY

17.    The claims of the named Plaintiffs are typical of the claims of the class and subclasses.  Upon information and belief, the number of putative members of the class and subclasses exceeds 100 persons and entities rendering joinder of individual class members impracticable.

## ADEQUATE REPRESENTATION

18.    Plaintiffs will fairly and adequately protect the interests of the members of the class and subclasses and have no interests antagonistic to those of other class members.  Plaintiffs have retained class counsel competent to prosecute class actions and such class counsel is financially able to represent the classes.

## SUPERIORITY

19.     The class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable.  The interests of judicial economy favor adjudicating the claims for the Plaintiffs' classes rather than on an individual basis.  The class action mechanism provides the benefit of unitary adjudication, economies of scale and comprehensive supervision by a single court.

20.     Questions of law and fact predominate over any questions affecting only individual members and the prosecution of separate claims or defenses by or against individual members of the classes would create a risk of inconsistent or varying adjudications concerning individual members of the classes which would establish incompatible standards of conduct for the Defendants.

## COUNT I
## DEFENDANT WORLD CLASS WATER

### VIOLATION OF FLORIDA'S DECEPTIVE AND
### UNFAIR TRADE PRACTICES ACT

21.     Paragraphs 1-20 of this complaint are incorporated by reference as though fully set forth herein.

22.     Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*, ("FDUTPA"), prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

23.     The stated purpose of FDUTPA is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of

any trade or commerce." Fla. Stat. § 501.202.

24.     Plaintiffs and each member of the putative classes, as "consumers" under FDUTPA (Fla. Stat. § 501.203(7)), have been harmed by World Class Water's unconscionable, deceptive, and/or unfair acts and practices alleged herein including, but not limited to, failing to disclose that the Aquion approved tests administered in-home at the Home Depot customers' dwellings by World Class Water representatives have no proven efficacy; that such inaccurate and unreliable test results induced the Home Depot customers to purchase Aquion water treatment products; and that the water treatment products cannot completely eliminate toxins and contaminants in water.

25.     As a result of the deceptive and/or unfair practices described above, Plaintiffs and each putative class member purchased, or agreed to purchase, an Aquion water treatment system at a price far in excess of what a comparable system costs. Plaintiffs Jonathan Coffey, Sydney Coffey, and putative class members also paid a non-refundable processing fee.

26.     World Class Water through independent acts, or acting in concert, with Home Depot and Aquion, and/or in furtherance of a common design, acted to produce injury to the Plaintiffs and putative class members as alleged herein.

27.     Wherefore, Plaintiffs, on behalf of themselves and each member of the putative classes, demand trial by jury and all remedies and damages available to them against World Class Water, including restitution measured as the difference between the actual market value of the water treatment system that was advertised and which they purchased, or agreed to purchase, which is far less than the amount they agreed to pay for the Aquion water treatment system after witnessing the Defendants' marketing and testing scheme, a refund of the $49.00 "processing fee", a declaration that the

practices of the Defendants and Aquion's other authorized Florida dealers described above are deceptive or unfair trade practices under the Florida Deceptive and Unfair Trade Practices Act, interest, and the attorneys' fees and costs incurred in bringing this action, pursuant to Fla. Stat. § 501.201.

<u>**COUNT II**</u>
<u>**DEFENDANT AQUION**</u>

**VIOLATION OF FLORIDA'S DECEPTIVE AND
UNFAIR TRADE PRACTICES ACT**

28.    Paragraphs 1-20 of this complaint are incorporated by reference as though fully set forth herein.

29.    Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq. ("FDUTPA"), prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

30.    The stated purpose of FDUTPA is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.202.

31.    Plaintiffs and each member of the putative classes, as "consumers" under FDUTPA (Fla. Stat. § 501.203(7)), have been harmed by Aquion's unconscionable, deceptive, and/or unfair acts and practices including, but not limited to, failing to disclose that the Aquion approved tests administered in-home at the Home Depot customers' dwellings by Aquion agents and/or representatives have no proven efficacy; that such inaccurate and unreliable test results induced the Home Depot customers to purchase Aquion water treatment products; and that the water treatment products

cannot completely eliminate toxins and contaminants in water.

32.    As a result of the deceptive and/or unfair practices described above, Plaintiffs and each putative class member purchased, or agreed to purchase, an Aquion water treatment system at a price far in excess of what a comparable system costs. Plaintiffs Jonathan Coffey, Sydney Coffey, and putative class members also paid a non-refundable processing fee.

33.    Aquion through independent acts, or acting in concert, with Home Depot, World Class Water, and Aquion's other authorized dealers in Florida, and/or in furtherance of a common design, acted to produce injury to the Plaintiffs and putative class members as alleged herein.  At all times material to this action, Aquion knew of, and gave substantial assistance to, World Class Water and Aquion's other authorized dealers in Florida in committing the acts complained of herein.

34.    Wherefore, Plaintiffs, on behalf of themselves and each member of the putative classes, demand trial by jury and all remedies and damages available to them, including restitution measured as the difference between the actual market value of the water treatment system that was advertised and which they purchased, or agreed to purchase, which is far less than the amount they agreed to pay for the Aquion water treatment system after witnessing the Defendants' marketing and testing scheme, a refund of the $49.00 "processing fee", a declaration that the practices of the Defendants and Aquion's other Florida dealers described above are deceptive or unfair trade practices under the Florida Deceptive and Unfair Trade Practices Act, interest, and the attorneys' fees and costs incurred in bringing this action, pursuant to Fla. Stat. § 501.201.

## COUNT III
## DEFENDANT HOME DEPOT

### VIOLATION OF FLORIDA'S DECEPTIVE AND
### UNFAIR TRADE PRACTICES ACT

35.    Paragraphs 1-20 of this complaint are incorporated by reference as though fully set forth herein.

36.    Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, et seq. ("FDUTPA"), prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

37.    The stated purpose of FDUTPA is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.202.

38.    Plaintiffs and each member of the putative classes, as "consumers" under FDUTPA (Fla. Stat. § 501.203(7)), have been harmed by Home Depot's unconscionable, deceptive, and/or unfair acts and practices including, but not limited to, failing to disclose that the Home Depot approved tests administered in-home at the Home Depot customers' dwellings by Home Depot agents and/or representatives have no proven efficacy; that such inaccurate and unreliable test results induced the Home Depot customers to purchase Aquion water treatment products; and that the water treatment products cannot completely eliminate toxins and contaminants in water.

39.    As a result of the deceptive and/or unfair practices described above, Plaintiffs and each putative class member purchased, or agreed to purchase, an Aquion water treatment system at a price far in excess of what a comparable system costs.

Plaintiffs Jonathan Coffey, Sydney Coffey, and putative class members also paid a non-refundable processing fee.

40.    Home Depot through independent acts, or acting in concert, with Aquion, World Class Water, and Aquion's other authorized dealers in Florida, and/or in furtherance of a common design, acted to produce injury to the Plaintiffs and putative class members as alleged herein.  At all times material to this action, Home Depot knew of, and gave substantial assistance to, World Class Water and Aquion's other authorized dealers in Florida in committing the acts complained of herein.

41.    Wherefore, Plaintiffs, on behalf of themselves and each member of the putative classes, demand trial by jury and all remedies and damages available to them, including restitution measured as the difference between the actual market value of the water treatment system that was advertised and which they purchased, or agreed to purchase, which is far less than the amount they agreed to pay for the Aquion water treatment system after witnessing the Defendants' marketing and testing scheme, a refund of the $49.00 "processing fee", a declaration that the practices of the Defendants and Aquion's other Florida dealers described above are deceptive or unfair trade practices under the Florida Deceptive and Unfair Trade Practices Act, interest, and the attorneys' fees and costs incurred in bringing this action, pursuant to Fla. Stat. § 501.201.

## COUNT IV
## DEFENDANT WORLD CLASS WATER

### UNJUST ENRICHMENT

42.    Paragraphs 1-20 of this complaint are incorporated by reference as though fully set forth herein.

43.     To the extent necessary, this count is pled in the alternative to the previous counts.

44.     By selling water treatment products through unfair and/or deceptive practices, World Class Water has engaged in inequitable conduct and has received a benefit at the expense of consumers, including Plaintiffs and putative class members.

45.     At the time of their purchase of the water treatment products, Plaintiffs and putative class members conferred a benefit on World Class Water.

46.     World Class Water engaged in deceptive testing that induced the purchase of water treatment products; the products do not remove or eliminate all toxins or contaminants in the water; the products do not confer any health benefits.

47.     World Class Water through independent acts, or acting in concert, with Home Depot and Aquion, and/or in furtherance of a common design, acted to produce injury to the Plaintiffs and putative class members as alleged herein.

48.     The profits and/or benefits obtained by World Class Water through sales of water treatment products are to the detriment of Plaintiffs and putative class members and violate the fundamental principles of justice, equity, and good conscience.

49.     Such benefits constitute unjust enrichment for World Class Water and it would be inequitable under the circumstances for it to retain the benefits received without paying the value thereof to the Plaintiffs and putative class members.

## COUNT V
## DEFENDANT AQUION

### UNJUST ENRICHMENT

50.     Paragraphs 1-20 of this complaint are incorporated by reference as though fully set forth herein.

51.    To the extent necessary, this count is pled in the alternative to the previous counts.

52.    By selling water treatment products through unfair and/or deceptive practices, Aquion has engaged in inequitable conduct and has received a benefit at the expense of consumers, including Plaintiffs and the putative class members.

53.    At the time of their purchase of the water treatment products, Plaintiffs and the putative class members conferred a benefit on Aquion.

54.    Aquion approved of, directed, and engaged in deceptive testing that induced the purchase of water treatment products; the products do not remove or eliminate all toxins or contaminants in the water; the products do not confer any health benefits.

55.    Aquion through independent acts, or acting in concert, with Home Depot, World Class Water, and Aquion's other authorized dealers in Florida, and/or in furtherance of a common design, acted to produce injury to the Plaintiffs and putative class members as alleged herein.  At all times material to this action, Aquion knew of, and gave substantial assistance to, World Class Water and Aquion's other authorized dealers in Florida in committing the acts complained of herein.

56.    The profits and/or benefits obtained by Aquion through sales of water treatment products are to the detriment of Plaintiffs and the putative class members and violate the fundamental principles of justice, equity, and good conscience.

57.    Such benefits constitute unjust enrichment for Aquion and it would be inequitable under the circumstances for it to retain the benefits received without paying the value thereof to the Plaintiffs and the putative class members.

## COUNT VI
## DEFENDANT HOME DEPOT

### UNJUST ENRICHMENT

58.    Paragraphs 1-20 of this complaint are incorporated by reference as though fully set forth herein.

59.    To the extent necessary, this count is pled in the alternative to the previous counts.

60.    By promoting and furthering the selling of Aquion water treatment products through unfair and deceptive practices, Home Depot has engaged in inequitable conduct and has received a benefit at the expense of consumers, including Plaintiffs and the putative class members.

61.    At the time of their purchase of the water treatment products, Plaintiffs and the putative class members conferred a benefit on Home Depot.

62.    Home Depot approved of, directed, and engaged in deceptive testing that induced the purchase of water treatment products; the products do not remove or eliminate all toxins or contaminants in the water; the products do not confer any health benefits.

63.    Home Depot through independent acts, or acting in concert, with Aquion, World Class Water, and Aquion's other authorized dealers in Florida, and/or in furtherance of a common design, acted to produce injury to the Plaintiffs and putative class members as alleged herein.  At all times material to this action, Home Depot knew of, and gave substantial assistance to, World Class Water and Aquion's other authorized dealers in Florida in committing the acts complained of herein.

64.    The profits and/or benefits obtained by Home Depot through sales of

water treatment products are to the detriment of Plaintiffs and putative class members and violate the fundamental principles of justice, equity, and good conscience.

65.     Such benefits constitute unjust enrichment for Home Depot and it would be inequitable under the circumstances for it to retain the benefits received without paying the value thereof to the Plaintiffs and putative class members.

**COUNT VII**
**DEFENDANTS WORLD CLASS WATER, AQUION, AND HOME DEPOT**

**CIVIL CONSPIRACY**

66.     Paragraphs 1-20 of this complaint are incorporated by reference as though fully set forth herein.

67.     Defendants World Class Water, Aquion, and Home Depot entered into agreement(s) to commit the acts alleged herein.

68.     Defendants Aquion and Home Depot entered into agreement(s) between themselves, and with Aquion's other authorized Florida dealers, to commit the acts alleged herein.

69.     Defendants World Class Water, Aquion, and Home Depot conspired to do an unlawful act or to do a lawful act by unlawful means.

70.     Defendants Aquion and Home Depot conspired with Aquion's other authorized Florida dealers to do an unlawful act or to do a lawful act by unlawful means.

71.     Defendants World Class Water, Aquion, and Home Depot have conspired to administer water tests in-home at Home Depot customers' dwellings by World Class Water that have no proven efficacy and that are intended to induce the Home Depot customers to purchase and/or finance Aquion water treatment products at exorbitantly high prices without disclosing that the water treatment products cannot completely

eliminate toxins and contaminants in water.

72.     Defendants Aquion and Home Depot have conspired with Aquion's authorized Florida dealers other than World Class Water to administer water tests in-home at Home Depot customers' dwellings by Aquion's other authorized Florida dealers that have no proven efficacy and that are intended to induce the Home Depot customers to purchase and/or finance Aquion water treatment products at exorbitantly high prices without disclosing that the water treatment products cannot completely eliminate toxins and contaminants in water.

73.     Defendants World Class Water, Aquion, Home Depot, as well as Aquion's other authorized Florida dealers, committed acts in furtherance of the common scheme as set forth herein.

74.     Plaintiffs and the putative class members were damaged as a result of the acts done in furtherance of the conspiracy.

The Plaintiffs, individually and on behalf of the classes defined herein, demand a trial by jury of any and all issues pled herein that are triable.

/s/ Brian D. Hancock
J. Phillip Warren
Florida Bar No.: 0662143
Brian D. Hancock
Florida Bar No.:107341
TAYLOR, WARREN & WEIDNER, P.A.
1700 West Main Street, Suite 100
Pensacola, FL 32502
T: (850) 438-4899
F: (850) 434-0887
Attorneys for Plaintiffs
Primary e-mail:    pwarren@twwlawfirm.com
                   bhancock@twwlawfirm.com
Secondary e-mail: bradford@twwlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic mail on December 18, 2018 on all counsel or parties of record on the Service List below.

 /s/ *Brian D. Hancock*
Brian D. Hancock (Fla. Bar No. 107341)

Service List:
Charles F. Beall, Jr.
Larry Hill
Moore, Hill & Westmoreland, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola, FL 32502
T: (850) 434-3541
F: (850) 435-7899
cbeall@mhw-law.com
lhill@mhw-law.com
ljohnson@mhw-law.com

R. Trent Taylor
McGuireWoods, LLP
800 East Canal Street
Richmond, VA 23219-3916
T: (804) 775-1182
F: (804) 225-5409
rtaylor@mcguirewoods.com

Jonathan L. Lewis
McGuireWoods, LLP
2001 K Street N.W., Suite 400
Washington, D.C. 20006-1040
T: (202) 828-2875
F: (202) 828-2975
jllewis@mcguirewoods.com

**Attorneys for Aquion, Inc.**

Kelly Overstreet Johnson
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
101 North Monroe Street
Suite 925

Tallahassee, FL 32301
T: (850) 425-7500
F: (850) 270-6706
kjohnson@bakerdonelson.com

**Attorney for WCW & Air, Inc.**

Robert C. Palmer, III
Shell Fleming Davis & Menge
226 Palafox Place
9th Floor
Pensacola, FL 32502
T: (850) 434-2411
bpalmer@shellfleming.com

S. Stewart Haskins
J. Andrew Pratt
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
Telephone: (404) 572-4600
Telecopier:  (404) 572-5100
shaskins@kslaw.com
apratt@kslaw.com

**Attorneys for Home Depot, U.S.A., Inc.**